**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

JAMES A. BAKER,

    Petitioner,

v.                                                     Case No. 8:12-cv-148-T-33TGW

STATE OF FLORIDA'S MIDDLE
DISTRICT OF FLORIDA, TAMPA DIVISION,

    Respondent.
_____/

## O R D E R

This cause is before the Court on Petitioner's petition for writ of habeas corpus. (Doc. 1). Petitioner is a pretrial detainee at the Sarasota County, Florida jail. Petitioner seeks to have this Court issue an order directing the Twelfth Judicial Circuit Court, Sarasota County, to "entertain the petitioner's writ of habeas corpus" which he filed in his pending state criminal proceedings,[1] and immediately release him from incarceration under the authority of *Shelton v. Sec'y, Dep't of Corr.* 802 F. Supp. 2d 1289 (M.D. Fla. 2011).[2]

To the extent Petitioner's petition requests this Court to order the Twelfth Judicial Circuit Court to rule on his motion/petition that is pending in the state circuit court, this

---

[1] The Court takes judicial notice of information available on January 25, 2012, on the Sarasota County, Florida, Clerk of the Court's Criminal Case Docket, http://courtweb.co.sarasota.fl.us/crimapp/criminq.asp, which indicates that Petitioner's jury trial is scheduled for April 9, 2012, in case number 2011-CF-14075 NC. See Fed. R. Evid. 201. Therefore, it is apparent that Petitioner is currently a pre-trial detainee awaiting trial in the Circuit Court for Sarasota County, Florida.

[2] *Shelton* declared unconstitutional a 2002 amendment to Florida Statute, § 893.13 that eliminated the *mens rea* requirement for possession or distribution of cocaine.

Court construes Petitioner's petition as a petition for a writ of mandamus. To the extent Petitioner requests immediate release from incarceration, this Court construes the petition as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**MANDAMUS RELIEF**

On January 23, 2012, the Twelfth Judicial Circuit Court struck Petitioner's pro se motion to declare Florida Statute §§ 893.13 unconstitutional on its face and as applied. Therefore, Petitioner's request for mandamus relief is moot.

Even if Petitioner's request were not moot, this Court would not have jurisdiction to grant mandamus relief in this action. Although United States district courts have jurisdiction in actions in the nature of mandamus pursuant to 28 U.S.C. § 1361 to compel United States officials to perform their duties, United States courts do not have jurisdiction to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties. *Lamar v. 118th Judicial Dist. Court*, 440 F.2d 383 (5th Cir. 1971)[3]; *Haggard v. State of Tennessee*, 421 F.2d 1384 (6th Cir. 1970); *Clark v. State of Washington, et al.*, 366 F.2d 678, 681-82 (9th Cir. 1966). *See also Campbell v. Gersten*, 394 Fed. Appx. 654 (11th Cir. 2010) (unpublished) ("The district court also lacked authority to issue a writ of mandamus to compel the state court and its officers to reinstate his motions to vacate and consider those motions on the merits.") (citing *Lamar v. 118th Judicial Dist. Court*, 440 F.2d at 384).

Petitioner is essentially requesting this Court to issue a writ of mandamus directing the state court to rule on his motion to dismiss the state criminal charges on the ground that

---

[3]Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

2

Fla. Stat. § 893.13 is unconstitutional. Therefore, although Petitioner names this Court as the respondent, the proper respondent to the request for mandamus relief is the Twelfth Judicial Circuit Court, in and for Sarasota County, Florida. Consequently, this Court lacks jurisdiction to grant mandamus relief because the respondent is not an officer or employee of the United States or any agency thereof.

## HABEAS CORPUS RELIEF

Petitioner also seeks to have this Court immediately release him from incarceration under the authority of *Shelton v. Sec'y, Dep't of Corr.*

"In the interests of comity, federal courts abstain from becoming involved in the state court proceeding with few exceptions. Proper respect for the ability of state courts to resolve federal questions presented in state-court litigation mandates that the federal court stay its hand. *Pennzoil v. Texaco, Inc.*, 481 U.S. 1, 14 (1987); *see also Younger v. Harris*, 401 U.S. 37 (1971)." Pursuant to *Younger*, federal courts should abstain from granting injunctive or declaratory relief affecting a state criminal prosecution absent a showing of: (1) evidence of bad faith prosecution, (2) irreparable injury if abstention is exercised by the federal court, or (3) the absence of an adequate alternative state forum where the constitutional issues can be raised. *Hughes v. Attorney General of Florida*, 377 F.3d 1258, 1263 n.6 (11th Cir. 2004) (citing *Younger*, 401 U.S. at 45, 53-54).

Petitioner does not allege bad faith prosecution or the absence of an adequate state forum where the constitutional issues can be raised. Instead, Petitioner appears to rely on the exception for irreparable injury by asserting that *Shelton* ruled Fla. Stat.§ 893.13, the statute under which he is being prosecuted, unconstitutional.

Irreparable injury exists if the statute under which a defendant is being prosecuted

3

is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or if unusual circumstances exist that would call for equitable relief. *Younger*, 401 U.S. at 53-54 (citing *Watson v. Buck*, 313 U.S. 387, 402 (1941)). Petitioner has failed to show that he is entitled to review under the "irreparable injury" exception. Although he correctly points out that *Shelton* declared § 893.13 facially unconstitutional, Petitioner does not allege or demonstrate that the statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it." The facial invalidity of § 893.13 "is not itself an exceptional circumstance justifying federal interference with state criminal proceedings." *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 602 (1975).[4]

"When a petitioner seeks federal habeas relief prior to a pending state criminal trial the petitioner must satisfy the '*Younger* abstention hurdles' before the federal courts can grant such relief." *Hughes*, 377 F.3d at 1262 (quoting *Kolski v. Watkins*, 544 F.2d 762, 766 (5th Cir. 1977)). Petitioner has not satisfied the *Younger* abstention hurdles. Consequently, this Court cannot grant Petitioner habeas relief.

Accordingly, the Court orders:

1. To the extent the Petitioner's filing is construed as a request for mandamus relief, the petition is **DENIED** as moot.

---

[4]The undersigned notes that another colleague in this Court has concluded that, contrary to *Shelton*, the 2002 amendment to Fla. Stat. § 893.13 "does not result in a facially unconstitutional statute." *United States v. Bunton*, 2011 U.S. Dist. LEXIS 123945, at *3 (M.D. Fla. Oct. 26, 2011).

2. To the extent that Petitioner's filing is construed as a 28 U.S.C. § 2241 petition for writ of habeas corpus, the petition is **DISMISSED** without prejudice on the ground that the *Younger* abstention doctrine applies. The Clerk is directed to close this case.

ORDERED at Tampa, Florida, on January 25, 2012.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

James A. Baker